**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 13a0591n.06

No. 12-2309

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
*Jun 21, 2013*
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| PATRICK DALE WISEMAN, | ) | DISTRICT OF MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE:  BOGGS and DONALD, Circuit Judges; STAMP, District Judge.[*]

PER CURIAM.  Patrick Dale Wiseman, a federal prisoner, appeals through counsel the sentence imposed following his 2012 guilty plea to a charge of distribution of child pornography.

Wiseman's presentence report indicated that a 2003 Florida conviction for a number of counts of possession of child pornography increased the statutory sentencing range, pursuant to 18 U.S.C. § 2252A(b)(1), from 5–25 years to 15–40 years.  The Guidelines sentencing range was calculated at 235 to 293 months.  Without the enhancement to the statutory sentencing range, the Guidelines range would have been 235–240 months.

Wiseman objected to the application of the sentencing enhancement.  The parties agreed that Florida's definition of child pornography was broader than the federal definition, but that, if

---

[*]The Honorable Frederick P. Stamp, Jr., United States District Judge for the Northern District of West Virginia, sitting by designation.

Wiseman had accepted the arrest affidavit in that case as the factual basis for his plea, the conviction would qualify to enhance the sentencing range. At the sentencing hearing, the district court viewed a videotape of Wiseman's plea proceeding in the Florida case and found that he had accepted the arrest affidavit as the factual basis for his plea. Therefore, the court applied the sentencing enhancement and sentenced Wiseman to 240 months of imprisonment. The district court stated that, even if the enhancement had not applied, it would have sentenced Wiseman close to the top of the lower range, which was 240 months.

On appeal, Wiseman argues that the district court erred in applying the sentencing enhancement, because it was not clear that he confirmed the arrest affidavit as the factual basis for his plea in the Florida proceeding. *See Shepard v. United States*, 544 U.S. 13 (2006). He also argues that his sentence was substantively unreasonable, particularly because the district court disregarded a psychological evaluation concluding that Wiseman was unlikely to be a danger to children and gave too much weight to his statements in Internet chats with an undercover FBI agent.

A district court decision as to whether a prior conviction enhances the sentencing range is reviewed *de novo*, and its factual findings are reviewed for clear error. *United States v. Gardner*, 649 F.3d 437, 442 (6th Cir. 2011). *De novo* review in this case indicates that the enhancement was properly applied. Wiseman's Florida plea proceeding was filmed from behind Wiseman and his counsel, who were standing in front of the judge's bench. The judge asked Wiseman and his counsel numerous questions before asking: "Is there any objection to using the arrest affidavit for the factual basis?" Someone is heard to answer "no," but Wiseman argues that this could have been the prosecutor.

However, it is clear from the dialogue in the video that the question was posed to and answered by Wiseman and his attorney. The question came in the context of a back-and-forth discussion with Wiseman. Up to this point, the trial court had asked the prosecutor only one question, at which point she had turned and faced the prosecutor on Wiseman's left. When posing the question regarding acceptance of the arrest affidavit, the trial judge was looking at Wiseman and his attorney. The voice that responded "no" is consistent with a voice heard early in the video responding to questions about court costs, a point in time at which the prosecutor had clearly stepped away from his microphone. These facts lead to the conclusion that it was Wiseman's attorney who answered the question, a conclusion further bolstered by the common-sense observation that the prosecution likely drafted the arrest affidavit and would have no reason to object to its contents. Finally, in any event, Wiseman signaled his knowing and voluntary entry of his plea, which included the arrest affidavit, thus forfeiting any objection that he would have had to its contents.

As all parties stipulated that the charges described in the arrest affidavit met the federal definition of child pornography, the sentencing enhancement was properly applied. *See Shepard*, 544 U.S. at 26. Moreover, the district court noted that the sentence would not have been significantly different even if the enhancement had not applied. We therefore deny Wiseman's challenge to the application of § 2252A(b)(1).

We review the substantive reasonableness of a sentence under an abuse-of-discretion standard. *United States v. Bolds*, 511 F.3d 568, 578 (6th Cir. 2007). A sentence may be found to be substantively unreasonable where the court fails to consider relevant factors under 18 U.S.C. § 3553(a) or gives unreasonable weight to any factor. *United States v. Husein*, 478 F.3d 318, 332 (6th

Cir. 2007). A sentence within the Guidelines range is entitled to a rebuttable presumption of reasonableness. *United States v. Anderson*, 695 F.3d 390, 402 (6th Cir. 2012). We reject Wiseman's arguments that his sentence was substantively unreasonable. The district court was not required to credit the conclusions of the psychological evaluation. Nor was it unreasonable for the district court to consider the graphic nature of Wiseman's chats with the undercover FBI agent in discussing the seriousness of the offense and the characteristics of the defendant. Essentially, Wiseman's arguments indicate that the district court could have given him a lower sentence, but do not demonstrate any abuse of discretion. *See United States v. Smith*, 516 F.3d 473, 478 (6th Cir. 2008).

Accordingly, the district court's judgment is affirmed.